



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
**FILED**

APR 6  1970

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

PATRICIA D. HOWARD
CLERK OF THE PANEL

MULTIDISTRICT PRIVATE CIVIL TREBLE       )
DAMAGE ANTITRUST LITIGATION INVOLVING    )
MOTOR VEHICLE AIR POLLUTION CONTROL      )      DOCKET NO. 31
EQUIPMENT                                )

---

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD*, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

---

PER CURIAM:

Transfer of the actions listed on Schedule A to a single district for coordinated or consolidated pretrial proceedings has been considered by the Panel on its own initiative. An order to show cause was entered on December 16, 1969 and a hearing was held in Washington, D. C. on January 23, 1970. The parties generally agreed that transfer under Section 1407 was necessary[1] but disagreed as to what would be the most appropriate transferee forum and as to the proper "timing" for the transfer. Counsel for certain plaintiffs argued that it

---

\* Although Judge Weinfeld did not attend the hearing he has, with the consent of all parties participated in this decision.

[1] The American Petroleum Institute and nineteen individual oil companies, defendants in the *Handy case* (C.D. Calif.), opposed transfer of that action to any other district. That action has since been dismissed as to these defendants and they are no longer parties in any of these actions.

would be best to defer further consideration for approximately
sixty days to await the outcome of appeals to the United
States Supreme Court from orders of the United States District
Court for the Central District of California denying intervention
in the *government suit*.[2/] This matter was therefore continued for
approximately sixty days and was reset for hearing in San
Francisco on March 20, 1970.[3/]

---

[2/] On January 10, 1969, the United States brought an antitrust enforcement action against the Automobile Manufacturers Association and the "Big Four" of the automotive industry.  The defendants and the co-conspriators (which included the remaining domestic manufacturers of motor vehicles) were charged with having been engaged since 1953 in a combination and conspiracy in unreasonable restraint of interstate trade and commerce in motor vehicle air pollution control equipment by having agreed to "eliminate all competition among themselves in the research, development, manufacture and installation of motor vehicle air pollution control equipment; and to eliminate competition in the purchase of patents and patent rights covering motor vehicle air pollution control equipment."

On October 29, 1969 a *consent decree* was entered prohibiting the defendants, *inter alia*, from combining or conspiring to prevent, restrain or limit the development, manufacture, installation, distribution or sale of air pollution control equipment and requiring the defendants to make available to all applicants on a royalty free basis, licenses on air pollution control patents. The City of New York was denied leave to intervene in this action both before and after the approval of the consent judgment and sought to appeal this denial to the United States Supreme Court. The judgment of the district court was summarily affirmed on March 16, 1970.  The plaintiffs in the *Grossman case* (C.D. Calif.), attempted to consolidate their suit with the government action and this request was also denied.  Their appeal to the United States Supreme Court was dismissed.

[3/] The hearing was originally scheduled for March 27, 1970 but the order was amended to change the date to March 20, 1970.

We think this sixty day stay was helpful for the status and scope of this multidistrict litigation are much clearer now. The oil companies, defendants in only one action, were eliminated by voluntary dismissal and the appeals to the United States Supreme Court have been resolved. Several new actions were filed during this period and while many more can be expected, those now before us are representative ones with respect to parties, claims and geographical distribution.

All parties now favor immediate transfer to a single district so that pretrial proceedings can commence without duplication or disruption. We need not pause very long to establish the statutory prerequisites for transfer under Section 1407. Although now involving but a small number of individual actions, this litigation could quickly become the largest and most complicated multidistrict litigation commenced since this Panel was established less than two years ago. These actions have been brought by cities, states and individuals with class action claims purporting to encompass all residents of the United States. Each complaint alleges a national conspiracy and thus the existence, scope, and effect of the alleged conspiracy are common to all actions. It is manifest that the transfer of all actions to a single district for coordinated or consolidated pretrial proceedings will clearly promote the just and efficient conduct of this litigation and will serve the convenience of all parties and their witnesses.

We turn now to the disputed issue: the selection of a transferee forum. The defendants favor the Eastern District of

- 4 -

Michigan or, as a second choice, the Central District of California. Most plaintiffs oppose both of these selections[4]/ and urge that the actions transferred to a district more convenient to them, either the Southern District of New York, the Eastern District of Pennsylvania, or the Northern District of Illinois.[5]/

We think that the Central District of California clearly stands out as the most appropriate transferee forum. It was there that the United States brought its action and the Grand Jury documents which the plaintiffs have sought to use have been impounded by that court. The scope and breadth of the

---

[4]/ It has also been suggested that the Panel cannot transfer these actions to the Eastern District of Michigan since there are no related actions pending in that district. We think the language of the statute clearly permits transfer to *any district* regardless of whether or not there are any related actions pending in the transferee district.

[5]/ Counsel for the State of Wisconsin urges that all multi-district private antitrust litigation should not be consentrated by the Panel in a few metropolitan centers like New York, Philadelphia, Chicago or San Francisco, but that such litigation should, on occasion, be transferred to a less populous area, preferably to a state capital where the attorney general could act as liaison counsel for the plaintiffs. It may be unfortunate that litigation of this type tends to gravitate to the larger metropolitan areas but we note that many states prefer to commence their actions in these metropolitan areas rather than in federal courts in their own states. In any event, we do not see how transfer of *these actions* to the Western District of Wisconsin would serve the convenience of the parties and witnesses save the State of Wisconsin.

The State of California vigorously supports the selection of the Central District of California as the transferee court.

private actions commenced in the Central District of California are at least equivalent to those filed in the Northern District of Illinois or the Eastern District of Pennsylvania. While it is undoubtedly true that many of the witnesses whose deposition testimony will be taken during pretrial proceedings are located in the Detroit area[6]/ it is also true that many "air pollution experts" reside in the Los Angeles area and it is likely that many of them will also be deposed. It is also alleged that certain conspiratorial activity occurred in Los Angeles in connection with meetings between representatives of the auto industry and officials of the State of California and the City and County of Los Angeles with regard to the promulgation and implementation of air pollution control standards. For these and other reasons we believe that the "center of gravity" of this litigation is in the Los Angeles area.

All of the private actions filed in the Central District of California since the entrance of the consent decree have been assigned to Judge Manuel Real. Judge Real is willing to undertake the supervision of pretrial proceedings in this multi-district litigation and Chief Judge Thurmond Clarke has consented to the assignment of all related actions to Judge Real.[7]/

---

[6]/ If extensive deposition testimony is to be taken in the Detroit area, the Panel could designate one of its members of any other circuit of district judge to conduct such depositions pursuant to 28 U.S.C. §1407(b).

[7]/ The written consent has been filed with the clerk of the Panel in Washington, D. C.

IT IS THEREFORE ORDERED that the actions listed on Schedule A now pending in other districts be and the same are hereby transferred to the United States District Court for the Central District of California and assigned to Judge Manual Real for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407.

DOCKET NO. 31                                                    SCHEDULE A

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The State of New York v. Automobile Manufacturers Association, Inc., et al. | Civil Action No. 69 Civ 5037 |

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. Jon Handy, et al. v. General Motors, Inc., et al. | Civil Action No. 69-1548-R |
| William J. A. Sturtz v. General Motors Corporation, et al. | Civil Action No. 69-1892-R |
| Marshall B. Grossman, et al. v. Automobile Manufacturers Association, Inc., et al. | Civil Action No. 69-1855-JWC |
| State of California, et al. v. Automobile Manufacturers Association, et al. | Civil Action No. 70-541-JWC |

## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Thomas E. Keane, et al. v. General Motors Corporation, et al. | Civil Action No. 69 C 1900 |
| State of New Mexico v. American Motors Corporation, et al. | Civil Action No. 69 C 2040 |
| State of New Jersey v. American Motors Corporation, et al. | Civil Action No. 69 C 2041 |
| State of Illinois v. Automobile Manufacturers Association, Inc., et al. | Civil Action No. 69 C 2194 |
| State of Connecticut v. American Motors Corporation, et al. | Civil Action No. 70 C 417 |
| City and County of Denver v. American Motors Corporation, et al. | Civil Action No. 70 C 418 |

## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| City of Philadelphia, etc. v. Automobile Manufacturers Association, Inc., et al. | Civil Action No. 70-345 |
| County of Lackawanna, Pa., et al. v. Automobile Manufacturers Association, Inc., et al. | Civil Action No. 70-398 |
| Robert Morgan, etc. v. Automobile Manufacturers Association, Inc., et al. | Civil Action No. 70-366 |

DOCKET NO. 31 — 2 — SCHEDULE A

## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| State of Wisconsin v. General Motors Corporation, et al. | Civil Action No. 70-C-70 |